UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re:

Jeffrey P. Schuler and
Ellen W. Schuler,

    Debtors.

Case No. 11-14778

## CHAPTER 13 PLAN

Jeffrey P. Schuler and Ellen W. Schuler, hereinafter referred to as "Debtor," propose the following Chapter 13 Plan:

### NOTICE TO CREDITORS:

A. **You must file a timely proof of claim to receive payments under the plan.**

Except as elsewhere provided in this Plan, any secured or priority amount shown on a proof of claim that is in excess of a secured or priority amount set forth in this plan shall be treated as a Class 5 (unsecured) claim.

You must file a timely written "Objection to Confirmation" if you wish to dispute any provision of this plan. *In re Harvey*, 213 F3d 318 (7th Cir. 2000).

### ARTICLE ONE
### Definitions

1.1 <u>Allowed Claim.</u> "Allowed Claim" means any claim for which a proof of such claim is timely filed, unless the Court subsequently disallows such claim. Provided, however, the terms of this Plan shall control in the event of a disparity between a filed claim and the terms of this Plan.

1.2 <u>Secured Creditor.</u> "Secured Creditor" means any estate creditor to the extent that such creditor (a) has an allowed "secured claim" as defined in 11 U.S.C. § 506, (b) files a proof of claim within the time set for filing of unsecured claims and (c) such creditor's lien or right to setoff or recoupment is not void or voidable pursuant to state or federal law (including the Bankruptcy Code) or the terms of this Plan.

1

## ARTICLE TWO
### Payments

2.1 <u>Payment to Trustee.</u> Debtor submits all future income necessary for the execution of this Plan to the supervision and control of the Trustee.

(1) Future earnings or income of **$196.26 biweekly** for 60 months to be deducted from the Debtor's paycheck from County of Portage and paid to the Chapter 13 Trustee, plus an amount sufficient to pay allowed Class Four Claims.

(2) Other property: None.

(3) Amounts necessary for payment of Class Six Claims.

(4) An amount sufficient to pay all Class One, administrative, and Class Four, priority claims

**III. Duration.**

Payments shall be made over a period of 60 months.

**IV. CLASSIFICATION AND TREATMENT OF CLAIMS**

1. Class One Claims - Administrative Claims.

(A) The Trustee shall first deduct the percentage fee fixed by the Court or the United States Trustee.

(B) Debtor counsel shall then be paid $100.00 per month until a total of $1,000.00 has been paid. Any fees and costs in excess of the amount set forth above shall be paid by Debtor directly to Debtor counsel. Notwithstanding any other provision of this Plan, Debtor counsel fees and costs that are not paid during this case are not provided for in this plan and will not be subject to any discharge entered herein. The Debtor's counsel hereby applies pursuant to Rule 2016 for approval of attorney's fees in the amount of $1,000.00.

2. Class Two Claims – Anchor Bank (Home Mortgage).

Anchor Bank is owed $115,220.58 and is secured by a mortgage against Debtor's residence, described on Schedule A, valued at $123,200.00. The Debtor shall continue to make the monthly payment of $1,336.14, which includes an escrow for real estate taxes and insurance, directly to Anchor Bank. No payment shall be made by the Trustee on this claim.

2

3. Class Three Claims – Best Buy.

Best Buy is owed $2,624.00 and has a purchase money security interest in Debtor's TV, BlueRay and I Pad, valued at $1,200.00. The Trustee shall pay the allowed secured claim of $1,200.00 with interest at 6% per annum in equal monthly installments of $23.20 during the term of the Plan from payments made by the Debtor to the Trustee. Any amount in excess of the allowed secured claim shall be treated as an unsecured (Class 5) claim.

4. Class Four Claims - Secured and Priority Tax Claims.

This class of claims shall include Allowed Claims entitled to priority under Subsection 507(a)(8) of the Bankruptcy Code. This class shall include all allowed tax claims secured by liens against the Debtors' property.

The Debtor shall pay one hundred percent (100%) of allowed secured claims and claims entitled to priority under Section 507(a)(8) of the Bankruptcy Code including the claims of the State of Wisconsin Department of Revenue and State of Wisconsin Department of Workforce Development under the Plan. The Trustee shall pay the allowed secured claims with interest at the rate of 3.0% per annum. The allowed priority unsecured claims shall not bear interest.

5. Class Five Claims - Allowed Unsecured Claims.

These claims shall include all Allowed unsecured claims not otherwise referred to in the Plan. Allowed unsecured claims are provided for and shall receive a pro rata share out of any remaining funds after payment of Class One, Three and Four claims.

6. Class Six Claim - Post-Petition Claims.

Class Six claims include Post-Petition claims allowed under Section 1305, Title 11, United States Code. Post-Petition claims allowed under Section 1305 shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claim and conclude on the last payment under the Plan.

V. OTHER PROVISIONS

1. All executory contracts and unexpired leases are hereby rejected.

2. The payment of the following claims are excluded and are not provided for by payment through the Trustee: Mortgage payment to Anchor Bank.

3. The effective date of this Plan shall be the date of the order confirming the Plan.

4. Comparison with Chapter 7. The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the

amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7, Title 11, United States Code on such date.

(a) As of the effective date of the Plan, the Debtor owns property which if a case under Chapter 7 of Title 11, United States Code were commenced, would be a part of the Section 541 estate and which has a fair market value of $290,259.05.

(b) If the Debtor filed a petition for relief under Chapter 7 on said date, the Debtor would be entitled to exempt from said estate, property having a value of $173,839.05, and which property the Debtor has claimed as exempt in the manner required by law.

(c) If the Debtor filed a Petition under Chapter 7 on said date, the Debtor would owe claims entitled to priority under Section 507 in the amount of $0.

(d) The Debtor owes allowed unsecured claims in the total amount of $91,919.00.

(e) There would be available, after payment of priority claims, the sum of $0.00 for distribution to creditors holding allowed unsecured claims.

(f) The Debtor estimates that distribution under Chapter 7 as of said date would be 0%.

(g) The Debtors' Chapter 13 Plan provides that creditors holding allowed unsecured claims shall receive a pro rata share from any funds remaining in the 60 months.

(h) Payments under the Plan will be made over a period of 60 months.

5. Enlargement of time for payments. The Plan provides for payments over a period of 60 months. If greater than 60 months, the Debtor requests approval of payments over a period longer than three years, but not longer than five years. Cause exists for the payment over a period of more than three years, but not longer than five years, as follows: amount sufficient to pay unsecured creditors.

6. The Debtor will be able to make all payments. The Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete this Plan. The Debtor is reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

7. This Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 123 of Title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid prior to confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

8. All interest accruing on the secured debts shall be simple interest. Unless otherwise stated in the Plan, no interest shall accrue on any claim. Any claims which provide for payment of interest shall accrue interest only from the date of confirmation of this Plan by the United States Bankruptcy Court. For purposes of calculating interest, payments shall be credited from the date that such payments are received by the Chapter 13 Trustee. It shall be presumed that payments are received one day after the date of mailing by the Debtor.

9. IN THE ABSENCE OF WRITTEN OBJECTION FILED WITH THE COURT AND SERVED UPON DEBTOR'S COUNSEL, AND UPON THE CHAPTER 13 TRUSTEE AND, IF APPLICABLE, UPON THE U. S. TRUSTEE, NOT LESS THAN FIVE (5) COURT DAYS PRIOR TO THE DATE FIXED FOR THE HEARING ON CONFIRMATION, THE COURT MAY CONFIRM THIS CHAPTER 13 PLAN AND ACCEPT THE VALUATIONS AND ALLEGATIONS ASSERTED THEREIN.

## VI. REVESTMENT OF PROPERTY

Property of the estate shall revest in the Debtor at such time as a discharge is granted or the case is dismissed. In the event the case is converted to a case under Chapter 7 or 11 of Title 11 United States Code, property of the estate shall vest in accordance with applicable law.

We declare the foregoing statements in our Chapter 13 Plan to be true and correct under penalty of perjury.

Dated this 28 th day of July, 2011.

_____
Jeffrey P. Schuler

_____
Ellen W. Schuler

_____
Terrence J. Byrne
Attorney for Debtors
P.O. Box 1566
Wausau, WI 54402-1566
(715) 848-2966